Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000971
18-MAR-2019
09:00 AM

NO. CAAP-18-0000971


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SPENCER JAMES BEVILL, NANCY LYNN BEVILL, and
BEVILL FAMILY TRUST, Plaintiffs-Appellants, v.
FRANK MAURIZIO; PHIL SCHUTTE; BEVERLY SCHUTTE;
BRUCE "SKIP" BLOUGH; MIKE PREISS; CONNIE SCHNITKER;
PETE HILL; DARREL BORLING; ASSOCIATION OF APARTMENT OWNERS
OF KE NANI KAI, an unincorporated condominium association;
THE BOARD OF DIRECTORS FOR ASSOCIATION OF APARTMENT OWNERS
OF KE NANI KAI, in their official capacity and personally,
Defendants-Appellees, JOHN DOES 1-100; JANE DOES 1-100; DOE
PARTNERSHIPS 1-100; AND DOE CORPORATIONS 1-100, Defendants
(CIVIL NO. 08-1-0293(1))

AND

SPENCER JAMES BEVILL, NANCY LYNN BEVILL, and
BEVILL FAMILY TRUST, Plaintiffs-Appellants, v.
ASSOCIATION OF APARTMENT OWNERS OF KE NANI KAI,
Defendant-Appellee, JOHN DOES 1-100; JANE DOES 1-100;
DOE PARTNERSHIPS 1-100; AND DOE CORPORATIONS 1-100,
Defendants; and MYLES T. YAMAMOTO, Real Party In-Interest
(CIVIL NO. 12-1-0790(1))


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT


ORDER
GRANTING FEBRUARY 25, 2019 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of (1) Real Party in Interest/Appellee
Myles T. Yamamoto's (Yamamoto) February 25, 2019 motion to
dismiss appellate court case number CAAP-18-0000971 for lack of

appellate jurisdiction, (2) Plaintiffs/Counterclaim-Defendants/ Appellants Spencer James Bevill, Nancy Lynn Bevill, and Bevill Family Trust's (Appellants) March 4, 2019 memorandum in opposition to Yamamoto's February 25, 2019 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellants' appeal from the Honorable Rhonda I.L. Loo's December 5, 2018 order denying Appellants' renewed motion for full release of settlement funds in the consolidated cases of Civil Nos. 08-1-0293(1) and 12-1-0790(1) (Order).

Appellants contend that we have jurisdiction under the collateral order doctrine, citing Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994). "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Id. (citation and internal quotation marks omitted). See also Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) ("[A]n order enforcing a settlement agreement is a collateral order which is appealable."); Booker v. Midpac Lumber Co., Ltd., 2 Haw. App. 569, 571, 636 P.2d 1359, 1362 (1981) (Acknowledging that an interlocutory order awarding a discharged attorney his fees and costs pursuant to the attorney's lien against his former client's award or settlement proceeds "is an appealable collateral order."), reversed on other grounds, Booker v. Midpac Lumber Co., Ltd., 65 Haw. 166, 173, 649 P.2d 376, 381 (1982).

In the instant case, the order does not conclusively determine the disputed question; i.e., how the circuit court should distribute the settlement funds between Appellants and Yamamoto. The circuit court will not decide that question until the conclusion of the arbitration that the circuit court

ordered.   Appellants' appeal is premature, and we lack appellate jurisdiction to review the December 5, 2018 Order.

Therefore, IT IS HEREBY ORDERED that Yamamoto's February 25, 2019 motion to dismiss appellate court case number CAAP-18-0000971 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-18-0000971 is dismissed.

DATED:   Honolulu, Hawaiʻi, March 18, 2019.


Presiding Judge


Associate Judge


Associate Judge